Farrell v. Webster County.

REVERSED.

---

49  245<br>108  46

## FARRELL v. WEBSTER COUNTY.

1. Services : COUNTY SUPERINTENDENT. The county superintendent cannot recover from the county for services in examining teachers at any other time than as provided in section 1766 of the Code.

2. ———: ———: EVIDENCE. The testimony of plaintiff's successor, showing the amount of time spent by him in the examination of teachers, was *held* not to be competent.

*Appeal from Webster Circuit Court.*

FRIDAY, OCTOBER 11.

ACTION at law. The cause was submitted to the court without a jury, and a judgment was rendered for plaintiff. Defendant appeals. The facts of the case appear in the opinion.

*Frank Farrell,* appellant, *pro se.*

*John F. Duncombe,* for appellee.

BECK, J.—I. The plaintiff was superintendent of schools for Webster county, and brought this action to recover compensation for official services. Among other items of his account upon which he claimed to recover are found charges for the examination of teachers upon days other than those prescribed for the discharge of that duty by Code, § 1766, which is in these words:

"Section 1766. On the last Saturday of each month the county superintendent shall meet all persons desirous of passing an examination, and for the transaction of any other business within his jurisdiction, in some suitable room provided for that purpose by the board of supervisors, at the county seat, at which time he shall examine all such applicants for examination as to their competency and ability to teach orthography, reading, writing, arithmetic, geography, English grammar, physiology, and history of the United States; and, in making such examination, he may, at his option, call to his aid one or more assistants."

The defendant insists that when teachers are examined at any other time than as provided by this section the superintendent is to be paid by the teachers themselves, and not by the county. In support of the proposition Code, § 1769, is relied upon. It is in the following language:

"Section 1769. If any person shall make application for an examination at any other time he shall pay the superintendent a fee of one dollar before the examination is commenced as a compensation therefor, unless he presented himself on the regular day specified, and was unable from no fault of his own to obtain an examination, in which case no fee shall be required of him."

II. But plaintiff claims that section 1769 is repealed by

chapter 57, Acts Fifteenth General Assemby, and that what-
ever fee may be charged teachers for examination
under the last enactment cannot be appropriated
in payment of the superintendent. On the other hand, defend-
ant insists that this statute has not the effect to repeal the
section of the Code just mentioned.

1. SERVICES:
county super-
intendent.

It is impossible to determine what questions of law were
decided by the court below, as the record presents no findings
of facts upon which its decision was based. We have before
us all the evidence, and plaintiff assigns for error the judg-
ment rendered thereon. We are permitted to decide only such
questions as were passed upon by the court below. Whether
the Circuit Court held the subsequent statute repealed Code,
§ 1769, cannot be discovered from the record. We are, there-
fore, not required to pass upon that question, if the judgment
may be sustained without so doing.

If it be conceded that section 1769 is repealed, there can
be found no authority for the superintendent of schools to
examine teachers and charge the county for his services,
except upon the days provided for in section 1766. In this
view of the law he cannot charge the county for services in
examining teachers rendered upon any other days. But if
we admit that he may charge the county for such services
rendered on other days, in case he is unable to complete the
examinations upon the day fixed by the statute, the evidence in
this case does not authorize the conclusion that the court
below was not justified in finding as a fact that plaintiff
could have made all the examinations upon the days pre-
scribed by law. Such finding of fact certainly is not so in
conflict with the evidence as to authorize us to interfere.

III. On the other hand, if it be held that Code, § 1769, is
not repealed, it is very plain that plaintiff is not entitled to
recover from the county for services in examining teachers,
except when rendered upon the days prescribed by law, or in
cases where the teachers could not, without fault of their own,
have been examined upon these days. But there is no ground

Farrell v. Webster County.

to hold that the court below was not justified by the evidence in finding that all the teachers examined by plaintiff, if they had presented themselves on the days fixed by law, could have been then examined.  Upon such a state of facts plaintiff ought not to recover.

Whatever view we may adopt as to the effect of the statutes referred to, the record fails to show that the judgment of the court below is in conflict with the evidence.  We cannot, therefore, disturb it.

IV.   The plaintiff introduced as a witness in his behalf his successor in office, by whom he proposed to prove the number 2. ———: ———: of days that officer had been engaged in examin-
evidence.          ing teachers, and the comparative amount of work of that kind performed by the incumbent of the office from year to year.   The evidence was rejected, correctly, we think. It was intended to establish, as it is claimed, that plaintiff spent no more than a reasonable time in examining the teachers for which he charges the county.   The fact that the witness required a given number of days to do the work does not establish the conclusion stated.   He may have been very slow and dilatory in his work.   The facts intended to be elicited by the evidence could not have been inferred therefrom.

No other questions are raised by the argument of plaintiff. The judgment of the Circuit Court ought, in our opinion, to be

AFFIRMED.