## CAREY ET AL. *v.* SHEETS.

MALICIOUS PROSECUTION.—*Procuring Search-Warrant.—Bill of Rights.— Common Law.*—Section 11 of the Bill of Rights, declaring that "no warrant shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the person or thing to be seized," is but an affirmance of the rights of the citizen, in that particular, as the same existed at common law.

SAME —*Probable Cause.—Malice must be Proved.—Instruction.*—In an action for maliciously, and without probable cause, procuring the issue and service of a search-warrant, it is erroneous to instruct the jury trying the cause, that, if the warrant was procured without probable cause, the plaintiff was entitled to a verdict ; for malice must also be proved, though it may be inferred from the evidence.

SAME.—*Evidence.*—It is essential to the plaintiff's right to recover in such cause, that, among other things, the search-warrant, the affidavit upon which it was issued, and the record of the proceeding be introduced in evidence, or their absence duly accounted for.

From the Hamilton Circuit Court.

*W. Garver* and *R. Graham,* for appellants.

*J. W. Evans* and *R. R. Stephenson,* for appellee.

NIBLACK, J.—The action in this case was by James M. Sheets, against Benjamin Carey, Isaac Carey and J. Hill Davis, for maliciously, and without probable cause, causing a search-warrant to be issued, reciting that a drab over-

coat and certain other articles of personal property, amounting in value to the sum of twenty-five dollars, which had been feloniously stolen, had either been taken away on a wagon belonging to the plaintiff, then on the road to the city of Indianapolis, or were concealed in the plaintiff's house; and for maliciously, and without probable cause, having seized upon such wagon, and having entered and gone through said house, under the pretence of searching for such stolen property.

The affidavit upon which the search-warrant was issued was alleged to have been made by the said Benjamin Carey, under the advice and direction of his said co-defendants.

Davis pleaded specially that he was the constable to whom the search-warrant was delivered, and justified under the warrant, and as to him there was a verdict and judgment in his favor.

As to the other defendants, there was a verdict for the plaintiff, assessing his damages at one hundred dollars, and, after overruling a motion for a new trial, challenging the sufficiency of the evidence and the correctness of certain instructions given to the jury, the court rendered a judgment in his favor, upon the verdict.

The Careys have appealed and assigned error upon the overruling of their motion for a new trial.

The court gave, amongst others, instructions known as numbers four and five, as follows:

"4. If you believe from the preponderance of the evidence, that the defendants Carey and Carey, or either of them, made himself, or counselled or advised the other to make, the affidavit and procure the issuing of the search- warrant and the service of it, not at the time having probable cause, then you should find for the plaintiff against either or both of them, as the facts will warrant.

"5. If the defendants procured and caused the search

to be made upon mere suspicion, or even an honest belief that the alleged stolen goods were concealed about the house of the plaintiff, you should still find for the plaintiff, unless the defendants at the time had probable cause for believing that such stolen goods were concealed about the house of the plaintiff."

The appellants contend that these instructions were erroneous because they ignored the question of malice on their part, malice at all times being required to be shown on the part of the defendant, to make out a case of malicious prosecution.

The appellee, in response to this objection, insists that this was not an action for a malicious prosecution, but only and simply an action for damages for a violation of his constitutional rights as a citizen of the State, the Bill of Rights, section 11, providing that "no warrant shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the person or thing to be seized," and that, hence, he was only required to prove upon the trial, that the warrant to search his house and wagon was issued without probable cause.

The right of every citizen to be secure against unreasonable search or seizure is a common-law right, and a warrant to search for stolen property could only be issued at common law, upon probable cause. *Robinson* v. *Richardson*, 13 Gray, 454; 1 Chit. Crim. Law, 64, 65.

Section 11 of the Bill of Rights, *supra*, is but an affirmance of the common-law right of every citizen not to be searched or seized without probable cause. It affords no new right of action because of an unlawful search or seizure of the property or the person of the citizen. In its practical effect, it operates as a guaranty of the continued existence of the right which it recognizes, and as an inhibition of its abridgment by legislative authority.

Wait, in his Treatise on Actions and Defences, Vol. 4, p. 338, in speaking of malicious prosecutions, says, on what seems to be good authority, that "If a person maliciously and without reasonable or probable cause puts the criminal law in force, and thereby another person is prejudiced or injured in property or person, there is such a conjunction of injury and loss as to lay the foundation for an action to recover the damages arising from the wrongful act."

A search-warrant being one of the agencies provided by the criminal law for the detection and punishment of crime, we regard the doctrine thus enunciated by Wait as applicable to the case before us.

Wharton, in his Work on Criminal Law, section 2,942, in referring to the issuance and effect of search-warrants, says : "But a prosecutor who maliciously and without probable cause resorts to such instruments, is liable for damages in an action of malicious prosecution."

Archbold, in his treatise on Criminal Practice and Pleading, 8th edition, Vol. 1, p. 131, says, regarding proceedings under search-warrants : "But it seems, that case will lie if the party procuring the warrant has no ground for his proceedings, and is actuated by malicious motives."

This proceeding was, therefore, in all its essential features, a malicious prosecution, and must be so classed and treated in our consideration of it here. It was, consequently, as important that malice should have been shown on the trial of this cause, as in any other case of malicious prosecution. *Tuell* v. *Wrink*, 6 Blackf. 249.

To sustain an action for malicious prosecution, there must be proof of both malice and want of probable cause, and the burden is on the plaintiff to prove both these facts. It is not necessary, however, that express malice be shown. Malice may be inferred from want of probable

cause, but whether malice is proved or not, is a question for the jury, to be decided upon the evidence in each individual case. 4 Wait, *supra*, 345, 346; 2 Greenl. Ev., sec. 453; *Seeger* v. *Pfeifer*, 35 Ind. 13; *Oliver* v. *Pate*, 43 Ind. 132; *Lockenour* v. *Sides*, 57 Ind. 360.

The court manifestly erred in giving the instructions set out as above, as those instructions fairly implied that it was not necessary to prove malice, to enable the appellee to sustain his action.

Upon the trial, the affidavit and search-warrant were not put in evidence, nor was their absence in any way accounted for, or certified copies of them produced. The fact of the prosecution complained of was not in any manner proven. This was a fatal omission. 2 Greenl. Ev., sec. 450. For this reason, if for no other, the court erred in overruling the appellant's motion for a new trial.

As a rule, it must be averred and proved, in an action for a malicious prosecution, that the prosecution complained of is at an end, and that it has terminated favorably to the plaintiff. 2 Wait, *supra*, 347.

In the case in hearing there was no averment in the complaint, nor direct evidence upon the trial, that none of the stolen property was found either in the appellee's house or in his wagon.

QUERY? Whether such an averment, and such evidence, are necessary to sustain an action for maliciously, and without probable cause, suing out a search-warrant. 2 Hale P. C. 151; *Adams* v. *Lisher*, 3 Blackf. 241.

The judgment against Benjamin Carey and Isaac Carey is reversed, with costs, and the cause remanded for a new trial.