## WHITSON ET UX. *v.* MAY.

### No. 8382.

MALICIOUS PROSECUTION.—*Search-Warrant.*—*Complaint.*—An action for malicious prosecution will lie against one who maliciously, and without probable cause, institutes and carries forward proceedings under a search-warrant.

From the Washington Circuit Court.

*D. M. Alspaugh* and *J. C. Lawler*, for appellants.

*H. Heffron, S. B. Voyles* and *J. U. Zaring*, for appellee.

NIBLACK, C. J.—This was an action by Sallie May, against James Whitson and Leora Whitson, for an alleged malicious prosecution.

The complaint averred that the defendants had maliciously, and without probable cause, or any sufficient reason therefor, caused a search-warrant to be issued and the dwelling-house of the plaintiff to be searched for divers articles of personal property claimed to have been stolen, and to have been concealed in such dwelling-

house; that such property had not been found in said dwelling-house, nor had any of it at any time been concealed therein, which the defendants well knew.

The defendants demurred to the complaint, alleging a want of sufficient facts to sustain the action, but their demurrer was overruled.

A trial resulted in a verdict and judgment for the plaintiff.

The only question presented here is that of the sufficiency of the complaint.

The appellants contend that the issuance and service of a search-warrant is not a " prosecution " in the sense in which that word is used by the text-writers and the authorities in treating upon actions for malicious prosecutions, and that consequently an action will not lie for causing a search-warrant to be issued, conceding that the motive may have been malicious, and that no probable cause existed.

The precise question thus raised by the appellants was fully considered and decided by this court in the case of *Carey* v. *Sheets*, 67 Ind. 375, in which it was held that an action would lie for maliciously, and without probable cause, instituting and carrying forward proceedings under a search-warrant.

We adhere to the conclusion reached in that case, and are therefore of the opinion that the court below did not err in this case, in overruling the demurrer to the complaint. *Stancliff* v. *Palmeter*, 18 Ind. 321.

The judgment is affirmed, with costs.