LOGAN v. MAYTAG.

1. **Evidence:** IMMATERIAL: HEARSAY: NOT RESPONSIVE. Certain evidence in this case considered; *held*, improperly admitted, it being immaterial and hearsay; also, that other evidence stricken out as not responsive, was responsive and material.

2. **Malicious Prosecution:** ADVICE OF COUNSEL. Before the defendant in an action for malicious prosecution can shield himself, under the advice of counsel, he must show that in good faith he stated the facts fully to his attorney.

*Appeal from Marshall District Court.*

MONDAY, OCTOBER 24.

THE petition states the defendant "with malice toward plaintiff and for the purpose of compelling him to remove from the house in which he was living, and from the farm on which said house is situated, and without probable cause," filed an information before a justice of the peace, charging that the plaintiff stole one bushel of corn belonging to the defendant; that plaintiff was tried and acquitted of said charge. There was a general denial, trial by jury, verdict and judgment for the plaintiff. The defendant appeals.

*Brown & Binford*, for appellant.

*P. W. Sutton*, for appellee.

SEEVERS, J.—I. The plaintiff was the tenant of the defendant, in possession of certain premises, and the theory of the

1. EVIDENCE: immaterial. former on the trial was the defendant determined plaintiff should leave said premises, and for the purpose of effectuating this object, the criminal prosecution was commenced, and that in so doing he was actuated by express malice. For the purpose of establishing such theory, the plaintiff proved by one Schnell that his brother went to the plaintiff for the purpose of buying him out, and asked said witness the following question: "Do you know of Maytag's requesting him to go." The witness answered: "I don't

know if Mr. Maytag did, or who did  *  *.  I suppose May-
tag knew it.  My brother did not take the place at all." There-
upon the defendant moved the court to strike out the " testi-
mony of this witness as to this point."  The motion was
overruled.  It should have been sustained.  The evidence was
material only for the purpose of showing the brother of the
witness was the agent of the defendant, or had been solicited
by the latter to purchase the lease of the defendant.  But it
was not shown the defendant had anything to do with the mat-
ter.  For aught that appears the brother of the witness acted
entirely on his own motion.  It was therefore immaterial what
he did or said.

II.  The same witness testified he was present at the trial
before the justice of the peace, and from the two ab-
stracts the following appears to have occurred:

—— : hear-
say.

The plaintiff asked the witness what was " said
there about Mr. Logan's ' moving away,' or 'skipping out,' or
'anything of the kind.'"  The witness answered: " Well, Mr.
Logan was there; they gave him his freedom.  They talked
among themselves.  I don't know who said it, that he would
' never appear,' and 'skip out.'  I believe Maytag was there.
I ain't certain, but believe he was there.  Mr. Maytag didn't
say it, but somebody did.  I wouldn't swear that Maytag said
it."  The defendant moved the court to strike out the evidence
" as to leaving, or skipping out, because hearsay."  The mo-
tion was overruled.  Counsel for the appellee maintains the
evidence was proper and material for the purpose of showing
the object of the plaintiff was to get defendant to leave the
farm by the institution of the criminal action.  But the diffi-
culty is the evidence was clearly hearsay, and, therefore, should
have been excluded, unless the defendant was present at the
time, and it was his duty, under the circumstances, to speak.
At least this may be so, but the evidence fails to show, if pres-
ent, he heard what was said.

III.  The plaintiff gave evidence tending to show the de-

fendant said at the time of the trial before the justice, or after ——— : not the verdict was rendered "that he would get Mr. responsive. Logan off his place or have him in jail." When Mr. Snelling, a witness for the defendant, was on the stand he was asked: "You may state, if you were present during the trial, whether Mr. Maytag made any threats about getting Mr. Logan in jail, or getting him off the place, or anything of the kind." The witness answered: "I was present during the trial, and I heard no such threats made by Mr. Maytag." On motion of the plaintiff, the evidence was struck out, because not responsive. In this we think the court erred. The evidence, in our opinion, was not only responsive to the question, but material in view of the evidence introduced by the plaintiff, because it was contradictory thereto.

Counsel for the appellee insists, if it be conceded the evidence should not have been excluded, it was error without prejudice, because evidence of the same character was afterward given by the same witness. The witness afterward testified in substance that defendant said "he would get him (plaintiff) in jail, if he did not quit stealing his corn." This is materially different from the evidence striken out, and, also, that which the plaintiff sought to contradict.

IV. The motion for judgment on the special verdict was correctly overruled, because it was not sufficiently full and explicit to entitle the defendant to judgment. Be-
2. MALICIOUS fore a person can shield himself in a case of this
prosecution: advice of character under the advice of an attorney, he must
counsel. state, in good faith, the facts fully to his attorney. The special verdict fails to show the plaintiff did so.

We do not understand any objections are urged to the instructions, except that it is said the court erred in submitting the question of probable cause to the jury. In this we do not concur. And in view of the fact, there must be another trial, we deem it improper to discuss this or the question whether the evidence was sufficient to sustain the verdict.

REVERSED.