## O. C. OLSON *vs.* K. K. TVETE.

### May 25, 1891.

**Malicious Prosecution—Search-Warrant.—**An action for damages will lie for maliciously and without probable cause procuring the issuance and execution of a search-warrant for goods alleged to have been stolen.

**Same—Evidence to make Prima Facie Case.—**In such an action the plaintiff shows *prima facie* a cause of action by proof that upon search the property was not found, that the return of the warrant so showed, and that for a long time he had borne a good reputation in the community for honesty and integrity.

**Same—Defence of Advice of Counsel is not "New Matter."—**The defence stated in an answer, that the proceeding was instituted upon the advice of the county attorney after a statement of facts to him, does not constitute "new matter" requiring a reply to put it in issue.

Appeal by plaintiff from a judgment of the district court for Otter Tail county, where the action (brought to recover $10,000 for malicious prosecution) was tried before *Searle, J.,* and a dismissal ordered at the close of plaintiff's case.

*Chas. L. Lewis,* for appellant.

*Knute Nelson,* for respondent.

DICKINSON, J.   1. An action for damages will lie for maliciously and without probable cause procuring the issuance and execution of a search-warrant for goods alleged to have been stolen. *Carey* v. *Sheets,* 67 Ind. 375; *Whitson* v. *May,* 71 Ind. 269; *Miller* v. *Brown,* 3 Mo. 127. Such a proceeding not only involves an imputation of criminal conduct on the part of the person whose premises are thus subjected to search, but it contemplates the arrest of the person if, upon search, the property is found in his possession. Such is the direction in the search-warrant. So prejudicial were such proceedings deemed to be, and so liable to abuse, that there was embodied in our constitution a declaration of the principles, recognized at common law, that no warrant should issue but "upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the person or things to be seized." Const. art.

1, § 10; 1 Chit. Crim. Law, 64 *et seq.*   To institute such a proceeding maliciously and without probable cause is a wrong for which an action will lie.

2. At the trial the plaintiff presented proof tending to show that the defendant caused the proceeding to be instituted and carried on; that upon a search of his premises in accordance with the directions of the warrant the property alleged to have been stolen and to be there concealed was not found; that this was so returned by the officer with his warrant; and that the plaintiff had long borne a good reputation for honesty and integrity.   The court then dismissed the action.   We think that the proof made a *prima facie* case of want of probable cause, from which malice might be inferred, and that it was error to take the case from the jury.   It is true that the burden was upon the plaintiff to show that the proceeding was instituted by the defendant without probable cause and with malice.   But in such a case it must often be that the only proof possible from the plaintiff is of a negative character, and in reference to matters peculiarly within the knowledge of the defendant; and hence less satisfactory and convincing proof is required of the plaintiff to shift the burden on the defendant than would otherwise be necessary.   The proof of a thorough search, and the official return to the warrant that the property was not found in the plaintiff's possession, was *prima facie* proof that the property was not there, and that the plaintiff was not guilty of concealing stolen goods, or of larceny.   Proof of the plaintiff's good reputation for many years in the community went to show an improbability that the plaintiff would be guilty of the conduct implied in this charge, and of this the defendant may be presumed to have been aware.   *McIntire* v. *Levering,* 148 Mass. 546, (20 N. E. Rep. 191;) *Israel* v. *Brooks,* 23 Ill. 575; *Blizzard* v. *Hays,* 46 Ind. 166; *Woodworth* v. *Mills,* 61 Wis. 44, (20 N. W. Rep. 728.) Such proof having been made, it was fairly incumbent on the defendant to show affirmatively, as he could easily do, the facts, if any existed, justifying a belief on his part in the truth of the allegations upon which the search-warrant was procured.

3. It is contended in behalf of the respondent that the defendant was entitled to judgment on another ground,—that is, that allega-

tions in the answer showing a statement of the facts to the county attorney, and that the procuring of a search-warrant was advised by him, stood admitted because there was no reply to the answer alleging such facts. We deem this statement of facts in the answer to be a good pleading in defence, but it was not "new matter" in the sense of the statute, and no reply was necessary. An answer of new matter, requiring a reply, is in the nature of a plea in confession and avoidance. *Craig* v. *Cook*, 28 Minn. 232, (9 N. W. Rep. 712.) This defence was not of that character. It went directly to negative the plaintiff's allegation of want of probable cause.

Judgment reversed.