JOHN MATLICK, Respondent, v. WILLIAM A. CRUMP,
Appellant.

St. Louis Court of Appeals, April 9, 1895.

1. **Malicious Prosecution**: LAW AND FACT: PROBABLE CAUSE. The
question of probable cause in an action for malicious prosecution is
one of law for the court, when the facts bearing upon it are conceded.

2. ———: ESSENTIAL ELEMENTS. An action for malicious prosecution
can be based upon an arrest and prosecution, though these were had
upon charges which did not constitute a criminal offense.

*Appeal from the Scotland Circuit Court.*—HON.
BENJAMIN E. TURNER, Judge.

AFFIRMED.

*E. Scofield* and *McKee & Jayne* for appellant.

*Smoot, Mudd & Wagner* for respondents.

(1) When sued for malicious prosecution, a
prosecutor can not step behind a defective affidavit or
information, and especially when he has put the
prisoner upon trial before a jury and insisted upon his
conviction to the end. *Stocking v. Howard*, 73 Mo. 25;
*Best v. Hoeffner*, 39 Mo. App. 682. (2) The instruc-
tions given fairly presented the case to the jury.
*Fugate v. Millar*, 109 Mo. 281; *Sharp v. Johnston*, 59
Mo. 557; s. c., 76 Mo. 660.

BIGGS, J.—The plaintiff, at the instigation of the
defendant, was arrested and prosecuted for a trespass.
The affidavit of the defendant and the information
filed thereon were to the effect that, on a day stated,
the plaintiff committed a willful and malicious trespass

by opening a gate leading into certain inclosed lands belonging to the defendant, and passing over the land with his team. The plaintiff was tried before the justice and acquitted of the charge. He thereupon commenced the present action for malicious prosecution.

The defendant's answer is a general denial, and, further, that the prosecution was commenced under the advice of counsel.

The plaintiff had a verdict and judgment for $65, and the defendant has appealed. He complains of the action of the circuit court in refusing instructions asked by him, and that the petition fails to state a cause of action.

The circuit court refused the following instruction, of which the defendant complains: "The court instructs the jury that before you can find a verdict for the plaintiff in this cause, you must believe from the evidence the defendant instituted the prosecution against the plaintiff maliciously and without probable cause. And the burden rests upon the plaintiff to so prove by a fair preponderance of the evidence, that said prosecution was so instituted and carried on by defendant; and, unless the plaintiff has so satisfied your minds, by a fair preponderance of the evidence in the cause, that defendant did institute said prosecution maliciously and without probable cause, then your verdict should be for the defendant."

All that this instruction contained was substantially set forth in other instructions which the defendant had asked and the court had given, and for this reason alone it was properly refused. But, apart from this, it erroneously submitted the question of probable cause, which under the conceded facts was a question of law for the court. In order to maintain the action, it was incumbent on the plaintiff to prove that the

prosecution was commenced without probable cause, and that it was maliciously done. Malice is always a question for the jury, but, where the facts bearing on the question of probable cause are conceded, that question is one of law for the court. *McGarry v. Railroad*, 36 Mo. App. 340. The conceded facts show that the prosecution against the plaintiff was without probable cause. The affidavit of the defendant shows that the plaintiff committed a simple trespass, for which he was only civilly liable. His testimony before the justice in support of the prosecution proved no more, it being to the effect that the plaintiff, after being requested not to trespass on the defendant's farm, passed through it with a wagon and team, and that he had gotten from the inclosure onto a public highway through a gate. It was admitted that he closed the gate, and that, in passing through the land, he did no particular damage. This was also the substance of the defendant's testimony on the trial of the present case. The defendant also failed to show that the prosecution was begun under the advice of counsel, but, on the contrary, he admitted that the attorney whom he consulted advised against a criminal prosecution. It is, therefore, evident that the plaintiff was arrested and prosecuted without probable cause,—that is, the facts and circumstances attending the trespass were not such as to induce the belief, in the mind of a reasonable man, that the plaintiff had committed a criminal offense.

It will not be necessary to notice the other instructions which the court refused, as the same vice is to be found in all of them.

The assignment of error, that the petition failed to show that the plaintiff was prosecuted for a crime, is likewise untenable. It is not material that the charges made against the plaintiff did not constitute a

criminal offense.   The gravamen of the complaint is that he was *arrested and prosecuted* by reason of a complaint lodged against him by the defendant.   A like objection was urged in the case of *Stocking v. Howard*, 73 Mo. 25.   There the affidavit, as in the present case, was insufficient to charge an offense.   The opinion was delivered by Judge HENRY.   After reviewing the authorities, he disposed of the objection with the following observation: ''The law would be very defective if a malignant person, for the gratification of his malice, could, by the use of its process, procure the arrest and imprisonment of one to whom he was inimical, and, when sued for the wrong, successfully defend on the ground that the affidavit made by him for that purpose did not sufficiently describe the offense for which the party was arrested.   Whether the affidavit be good or bad, the party who made it thereby procured the warrant, and under it the arrest and imprisonment of the party; and the scandal and imprisonment are not the less hurtful to the person aggrieved, that the affidavit did not describe the offense with such accuracy as warranted the subsequent proceedings.''

We do not think that the defendant has any just ground of complaint on this appeal.   The instructions given were more favorable to him than the law and facts warranted, in that they submitted to the jury the question of probable cause.   The judgment of· the circuit court will, therefore, be affirmed.   All the judges concur.