Harlan *v*. Jones.

## HARLAN *v*. JONES.

[No 1,970.    Filed December 1, 1896.]

MALICIOUS PROSECUTION.—*When Action For Will Lie.*—*Search Warrant.*—Procuring a search warrant to be issued may be made the foundation of an action for malicious prosecution, notwithstanding the affidavit on which such warrant was issued does not charge a crime.

Harlan v. Jones.

PRACTICE.— *Harmless Error.*— *Malicious Prosecution.*— Sustaining a demurrer to a paragraph of answer in an action for malicious prosecution, alleging the existence of probable cause, the non-existence of malice and the good faith of the action, is harmless, as such facts were admissible under the general denial.

From the Fayette Circuit Court.  *Affirmed.*

*D. W. McKee, J. I. Little* and *H. L. Frost,* for appellant.

*Reuben Conner* and *J. M. McIntosh,* for appellee.

GAVIN, J.—Appellee recovered judgment against appellant for malicious prosecution, by maliciously and without probable cause instituting proceedings for a search warrant and procuring a warrant commanding the searching of appellee's house for certain goods alleged to have been stolen.

The affidavit described the goods, averred they had been stolen and were believed to be concealed in a certain house known as the Cooley House, and further asked that if they were not found there that appellee's house should also be searched.  The warrant was so issued and appellee's house searched by virtue of it.

It is contended by counsel that the complaint is bad because the "proceedings did not involve any charge of crime" against appellee.

That procuring a search warrant is such a proceeding as may be the foundation of an action for malicious prosecution is not and cannot be controverted. *Carey* v. *Sheets,* 67 Ind. 375; *Whitson* v. *May,* 71 Ind. 269; *Flora* v. *Russell,* 138 Ind. 153; *Tuell* v. *Wrink,* 6 Blackf. 249; *Fisher* v. *Hamilton,* 39 Ind. 341.

It is not requisite that the affidavit or indictment should have sufficiently charged the defendant with a crime to authorize him to maintain an action for malicious prosecution. *Stancliff* v. *Palmeter,* 18 Ind. 321;

*McCullough* v. *Rice*, 59 Ind. 580; *Schattgen* v. *Holnback*, 149 Ill. 646, 36 N. E. 969; *Matlick* v. *Crump*, 62 Mo. App. 21; *Shaul* v. *Brown*, 28 Ia. 37; *Forrest* v. *Collier*, 20 Ala. 175; *Dennis* v. *Ryan*, 65 N. Y. 385.

The statute, sections 1688, 1689, Burns' R. S. 1894 (1619, 1620, Horner's R. S. 1896), which provides for the issuing of search warrants does not require that the owner of the premises to be searched shall be charged with the commission of a crime.

In the cases in 67 and 71 Ind. cited above, no such charge appears to have been made.

It comes with an ill grace from appellant to now say that his affidavit did not in law authorize the issuance of the writ when he expressly asked for it and obtained that which he asked, and subjected appellee to all the indignity which would have followed had the affidavit been in all respects sufficient.

In *Collins* v. *Love*, 7 Blackf. 416, it was expressly decided that in such suits as this the complaint is not objectionable because the alleged charge does not authorize the issuing of the warrant.

Appellant having instituted the proceeding maliciously and without any probable cause and prosecuted it to an unsuccessful termination must now answer for his wrong.

Appellant filed an answer of general denial together with two special paragraphs.

The second paragraph set up matters showing the existence of probable cause and the nonexistence of malice.

All these facts were admissible under the general denial. Consequently there was no harmful error in sustaining a demurrer to this answer. *Kniss* v. *Holbrook, ante*, 229.

The same may be said of the third paragraph, which also counts upon the good faith of appellant and his

acting under the advice of a justice to whom he related all the facts.

The paragraphs were at best but special denials.

We find in the record no just cause for reversal.

Judgment affirmed.