STATE OF IOWA V. CHARLES McALLISTER, Defendant,
THOMAS J. JOHNSON, Appellant.

**Costs:** *Li bi'i'y of prosecu'or.* A private prosecutor who instituted
the prosecution maliciously, and without probable cause, cannot,
1   on the failure thereof be taxed with the costs, unless the indict-
ment is indorsed that it was found at his instance, as required by
Code 1873, section 4292 (Code 5275) which authorizes the court, on
the failure of the prosecution if, in its opinion it was malicious,
and without probable cause, to tax the costs thereof against him.

*Appeal from Dubuque District Court.*—HON. J. L. HUSTED,
Judge.

WEDNESDAY, APRIL 5, 1899.

THE defendant McAllister was indicted, tried, and
acquitted of the crime of assault with intent to inflict great
bodily injury upon Thomas J. Johnson. Judgment was
rendered as follows: "It appearing to the court that this
prosecution was commenced and the indictment was found at
the instance of a private prosecutor, to-wit, Thomas J. John-
son, as shown by his own uncontradicted testimony, and the
court being satisfied that the prosecution was instigated by
malice, and without probable cause, the costs therein are
taxed to said Thomas Johnson, and judgment rendered
hereon against him therefor, to which said Thomas Johnson
excepts; and it is further ordered that the judgment defend-
ant have ninety days within which to prepare, have signed
and filed, a bill of exceptions." Thereafter the clerk of said
court taxed the costs in said case in the sum of two hundred
and fifty-three dollars and seventy-five cents. From this
judgment the said Thomas J. Johnson appeals.—*Reversed.*

*Henderson, Hurd & Kiesel* for appellant.

GIVEN, J.—I.   Section 4292 of the Code of 1873 is as follows:   "When an-indictment is found at the instance of a private prosecutor, the following must be added to the endorsement required by the preceding section, 'Found at the instance of' (here state the name of the person), and in such case, if the prosecution fails, the court trying the cause may award costs against the private prosecutor, if satisfied, from all the circumstances, that the prosecution was malicious or without probable cause."   Section 5275 of the present Code is the same as that quoted above.   The indictment against Charles McAllister was not indorsed as found at the instance of the private prosecutor.   Appellant insists that, not being so indorsed, the court had no power to render judgment against him; also that, even with or without such indorsement, if the court had such power, it could not be exercised without notice to appellant, and giving him his day in court in which to defend himself.   We regret that the case is submitted without full argument, as the construction of this statute in these respects is directly presented to this court for the first time.   Chapter, 24, Laws 1852, approved January 18, 1853, is as follows:   "That in all prosecutions for a violation of any of the penal laws in any of the courts of this state, said prosecution being at the instance of a private prosecutor, the court trying said cause, if said prosecution fails, may award costs against said private prosecutor if, from the circumstances of the case, said court is satisfied the prosecution was malicious or without probable cause.   That when an indictment is found at the instance of a private prosecutor, the foreman of the grand jury shall endorse thereon the name of the person at whose instance the same was found."   In *State v. Donnell,* 11 Iowa, 452,—a case arising under this statute,—the charge was ignored by the grand jury, and "the court, being satisfied from the circumstances in the case that the prosecution was set on foot by one D. Silversmith and Lewis Toppe without probable cause, directed that the costs of the prosecution, assessed at sixty-

nine dollars and fifty cents, should be taxed up and recovered against the said Silversmith and Toppe." They appeared, and moved to set aside the order upon the ground that the court exercised the authority without evidence, and without giving an opportunity to be heard. This court says: "With regard to the latter objection, if the order, in the first instance, was made in the absence of the parties, it nevertheless appears from the records that the court afterwards entertained a motion to set aside such order, in the determination of which we are to presume the parties were fully heard. The motion, upon hearing, was overruled. As to the insufficiency of the evidence or circumstances authorizing such a taxation of the costs against the prosecutors, the parties aggrieved should have had the same made of the record, and certified up to this court, if upon such a question they desired the opinion of this court." It will be observed that no question was made as to the power of the court under that statute, upon proper notice and sufficient evidence, to make the order that it did. The court, without determining whether or not notice was required, affirmed upon the ground that the appellants were fully heard on their motion to set aside the order; and, as the evidence was not certified, its sufficiency could not be considered. Section 4646 of the Revision is substantially the same as said section 4292 of the Code of 1873 and section 5275 of the present Code. Said chapter 24 authorized the court trying the case to award costs against private prosecutors when satisfied that the prosecution was malicious, and without probable cause, while said latter statutes limit this power to cases where the indictment bears an indorsement showing that it was found at the instance of a private prosecutor, and giving his name. We think this change in the statute is quite significant, and indicates clearly that the legislative intention was to limit the power to tax costs to private prosecutors to cases where the indictment was indorsed as provided in said section 4292. This indictment not being so indorsed, we think the district court had no

authority to tax these costs to the appellant. The question whether, in any case, costs can be so taxed without notice to the party to be charged, we do not determine, as it is not necessary to a disposition of this case, and we prefer not to determine it in the absence of full argument. In *State v. Briggs,* 68 Iowa, 417, it was held that the indorsement of an indictment that it was found at the instance of a private prosecutor was directory, and that such indorsement was not essential to the validity of the indictment. For the reasons stated, the judgment of the district court is REVERSED.