CHARLES McAllister v. THOMAS J. JOHNSON, Appellant.

**Malicious Prosecution:** EVIDENCE. Where, in an action for maliciously prosecuting plaintiff for shooting defendant, plaintiff testified that he shot defendant in self defense as he was coming on plaintiff's premises through the gateway or over the fence, it was error to exclude defendant's evidence in support of his denial that he was advancing on plaintiff, showing where that portion of the charge of shot which missed him struck the fence; this tending to prove that he was sixty or sixty-five yards distant from the gate, down the road.

SAME. Where plaintiff in action for malicious prosecution testified that defendant at the time of shooting, out of which the prosecution arose, said, "I am on the ground that I was when I shot at you two years ago," defendant was properly not allowed to strengthen his denial of this statement by showing the facts as to the former difficulty.

**Malice:** JUDGMENT FOR COSTS AS EVIDENCE. Under Code 1873, section 4292, requiring an indictment found at the instance of a private prosecutor to be indorsed with such person's name, and authorizing the court to award costs against him if satisfied that the prosecution was malicious or without probable cause, if the name be not so indorsed, the judgment awarding costs is void, and is not admissible against such person in an action for malicious prosecution.

**Plea and Proof:** ADVICE OF COUNSEL: *Malicious prosecution.* In an action for malicious prosecution, advice of counsel, as tending to disprove malice and want of probable cause, may be shown under general denial.

*Appeal from Dubuque District Court.*—HON. FRED O'DON-NELL, Judge.

FRIDAY, APRIL 7, 1899.

ACTION to recover damages for malicious prosecution. Trial to jury. Verdict and judgment for plaintiff. Defendant appeals.—*Reversed.*

. *Henderson, Hurd & Kiesel* for appellant.

*Lyon & Lenehan* and *John Hawe* for appellee.

WATERMAN, J.—The defense interposed by the answer is a general denial. The county attorney was called as a witness in defendant's behalf, and it was sought to be shown that defendant disclosed to him all the facts of the transaction before instituting the prosecution. Defendant was also asked as to the same matter, and further it was attempted to show by him what advice he received from the county attorney. This testimony was ruled out, on plaintiff's objection, and appellant's first complaint is of this action of the trial court. The ground for this holding seems to have been that the defense of advice of counsel must be specially pleaded; that it cannot be shown under a general denial. The gist of plaintiff's action was malice and want of probable cause. Advice of counsel tended to directly rebut or disprove these essential elements. *Mesher v. Iddings,* 72 Iowa, 553. This being true, evidence to establish it was admissible under the pleadings. The rule is that any evidence is admissible under such an issue which tends to disprove the facts that plaintiff is required to establish. *Johnson v. Pennell,* 67 Iowa, 669. In *Bowman v. Manufacturing Co.,* 96 Iowa, 188, the action was aided by attachment, and there was

a counterclaim for damages for the wrongful and malicious suing out of the writ. The reply was a general denial, and under it plaintiff was permitted to show that he acted under advice of counsel in instituting the attachment proceeding. On appeal by defendant, the admission of this testimony was complained of, and upon this subject it is said in the opinion: "It is insisted by appellants that the fact that plaintiff acted upon the advice of counsel was a mitigating circumstance, which should have been pleaded. But it was not shown as a mitigating circumstance, within the meaning of the section quoted. Section 2961 of the Code of 1873, in regard to attachments, provides that if, in an action on the bond, it be shown that the attachment was sued out maliciously, the plaintiff therein may recover exemplary damages. The defendants aver in their counterclaim that the allegations of the petition on which the attachment was issued were made with malice, for the purpose of procuring the writ, and to injure the defendants, and that they were injured by them. The defendants therefore allege grounds for the recovery of exemplary damages. The reply contains a general denial, and that is a denial of the allegations of malice. To sustain the issues thus formed, evidence was offered for the defendants, and it was competent for the plaintiff to offer any competent proof of the absence of malice on his part in suing out the writ.   *   *   * The evidence in question was offered, not in mitigation of a wrong admitted, but to defeat an alleged ground of recovery which was fully denied." In the following cases it is directly held that evidence to show probable cause and the non-existence of malice is admissible under a general denial: *Folger v. Washburn,* 137 Mass. 60; *Griffen v. Chubb,* 7 Tex. 603; *Harlan v. Jones,* 16 Ind. App. 398 (45 N. E. Rep. 481); *Kellog v. Scheuerman,* 18 Wash. 293 (51 Pac. Rep. 344). Appellee cites some cases from this court in which advice of counsel was specially set up as a defense in actions like that at bar, and argues from this that the rule has been generally considered to require that such a defense be affirmatively

pleaded. We find, however, in *Johnson v. Miller* (a case that was several times in the court), that in 63 Iowa, 529, the answer was a general denial, and in 69 Iowa, 562, and 82 Iowa, 693 (presumably on the same pleadings, for there is nothing to indicate a change of issues), evidence of advice of counsel was admitted. This seems to have been the case, also, in *Logan v. Maytag,* 57 Iowa, 107. Our conclusion on this branch of the case is that the court erred in not receiving this testimony.

II.   Over defendant's objection, the court admitted in evidence the following judgment entered in the criminal proceeding: "It appearing to the court that this prosecution was found at the instance of a private prosecutor, to wit, Thomas J. Johnson, as shown by his own uncontradicted testimony, and the court being satisfied that the prosecution was instigated by malice, and without probable cause, the costs herein are taxed to said Thomas J. Johnson, and judgment rendered herein against him therefor, to which said Thomas J. Johnson excepts." We have serious doubts of the admissibility of this evidence, in any view of the case. We need, however, consider only one ground of defendant's objection. Johnson's name was not indorsed on the indictment, as it is provided in section 4292 of the Code of 1873 shall be done by the grand jury when the indictment is found at the instance of a private prosecutor. The basis of the court's right to tax the costs of a criminal prosecution to an individual is the action of the grand jury in returning the fact that the indictment is found at the instance of such person. Only the grand jury can know the incentive to its action. However baseless the complaint, the prosecuting witness cannot be charged with costs unless he was the inspiring cause of the prosecution. There is nothing in the record of the criminal case, outside of the recitals of this judgment, to show that Johnson had anything more to do with the return of the indictment than to give his testimony, and this may have been done in response to a subpoena. In the absence of statutory authority, the district court has no power to tax the costs in a crimi-

nal proceeding to an individual. It gets the only right in this respect from section 4292. When the grand jury fails to make the finding and indorsement there provided for, the court lacks jurisdiction to render such a judgment as the one here introduced. In *State v. Briggs,* 68 Iowa, 416, 420, we said in relation to this section: "The indorsement is required to be made to enable the court to tax the costs against a private prosecutor, if it should be satisfied that the prosecution was malicious, or without probable cause." To hold otherwise would be to practically annul section 4292. See *State v. McAllister,* 107 Iowa, 641. The court being without jurisdiction to render it, this judgment was void, and therefore open to collateral attack. *Jordan v. Brown,* 71 Iowa, 421. It was error to admit it in evidence over defendant's objection.

III. Plaintiff testified that defendant, on the night of the shooting, said: "I am on the ground that I was when I shot at you two years ago." Defendant, when examined as a witness, denied having said this; and his counsel sought to have him tell the facts as to the former difficulty between him and plaintiff. This was excluded, and properly, as we think. 1 Greenleaf Evidence, section 52. Evidence of collateral facts is not admissible merely to strengthen probabilities. *Farrell v. Webster County,* 49 Iowa, 245; *Orr v. Railway Co.,* 94 Iowa, 423; *State v. Cross,* 68 Iowa, 180.

IV. The offense for which plaintiff was prosecuted was the shooting of defendant, and it is claimed that this was done in self-defense. We find no error in the instruction on this branch of the case, or in the rulings of the court in the admission of testimony offered to impeach defendant.

V. McAllister testified that Johnson was coming upon his premises through the gateway or over the fence at that point when he shot him. Defendant offered evidence to show where that portion of the charge of shot which missed Johnson struck the fence behind him. This was ruled out. It is claimed this evidence would have shown that Johnson was sixty to sixty-five yards distant from the

gate, down the road.   Johnson denied that he was advancing upon plaintiff at the time of the trouble.   We think he had a right to show his location.

We need not notice other matters discussed.   Some of them are not likely to arise again, and some, in view of another trial, we cannot properly express an opinion upon.— Reversed.