# Gulsby *v.* Louisville & Nashville R. R. Co.

*Malicious Prosecution and False Imprisonment.*

(Decided April 21, 1910. 52 South. 392.)

1. *Searches and Seizure; Constitutional Provision.*—Section 5, Constitution 1901, is declaratory of the common law right of the citizen.

[Gulsby v. Louisville & Nashville R. R. Co.]

2. *Malicious Prosecution; Action for Wrongful Seizure; Malice; Probable Cause.*—The person injured may sue in case to redress the wrong inflicted where a search warrant is issued on oath which is the product of malice and which is not supported by probable cause therefor, and the search is made in accordance with the search warrant.

3. *Same; Malice.*—A complaint for maliciously and without probable cause procuring the issuance of a search warrant which omits the allegation that it was maliciously done, is defective although it avers want of probable cause therefor. An action on the case for violation of the rights infracted is in the nature of an action for malicious prosecution.

4. *Same.*—Malice in procuring a search warrant may be inferred by the jury from want of probable cause or from facts attending the procurement of the warrant.

5. *Same.*—Whatever is done willfully and purposely, whether the motive is to injure accused, or gain some advantage to the prosecutor, or through mere wantonness or carelessness, if at the same time wrong and unlawful within the knowledge of the actor, is done maliciously, and personal ill-will or desire for revenge is not essential to the existence of malice.

6. *Same; Probable Cause.*—Probable cause is a reasonable ground for suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense charged; it is essential that the actor know of facts or circumtsances justifying a reasonably cautious man in believing that the accused is guilty; mere suspicion and belief, though honestly entertained do not, of themselves, afford a basis for probable cause.

7. *Same.*—The question as to whether one procuring the issuance of a search warrant to search for goods stolen procured the warrant maliciously and without probable cause depends on whether the facts known to him justified a reasonable and cautious man in believing that the person against whom the warrant was issued was guilty, and not whether in fact the latter was guilty, and not whether there was sufficient evidence to convict the latter of the offense charged.

8. *Same; Question of Law.*—Where the facts are not disputed, probable cause vel non is a question of law.

9. *Same; Jury Question.*—The evidence in this case stated and examined and held to require a submission to the jury of the question of probable cause.

10. *Same; Burden of Proof.*—Where one sues for the issuance of a search warrant maliciously and without probable cause, such one has the burden of proving malice and want of probable cause, and the fact that the search warrant directing the search for the stolen property was returned, "no property found" after diligent search, establishes prima facie that the property was not in his possession, and that he did not steal or conceal it.

11. *Same; Instructions.*—A charge instructing that if defendant wrongfully, vexatiously and purposely made the affidavit and procured the issuance of the search warrant, and had no probable cause

therefor, defendant was guilty, properly submitted the issue of malice to the jury.

12. *Same.*—Where the evidence showed that the affidavit or the warrant was made by an agent of the defendant, a charge asserting that unless the agent was at the time of making the affidavit in possession of facts justifying a reasonable man in the belief that plaintiff was guilty of the offense charged, it made no difference whether he suspenected and believed that plaintiff was guilty, and the jury must find against the defendant on finding that the agent was acting within the scope of his employment in making the affidavit, or if the defendant authorized or ratified it, was proper, and properly submitted the issue of probable cause.

13. *Same; Damages; Punitive Damages.*—Where the action was for issuing a search warrant maliciously and without probable cause, a charge authorizing the jury to award such damages above actual damages, as would be a punishment to the defendant and serve as an example to him and others in the future, was properly refused.

14. *Same; Reputation of Plaintiff.*—Where one sues for the issuance of a search warrant to search premises for property alleged to have been stolen by him, maliciously and without probable cause, the bad reputation of such an one is permissible on the question of damages, and a charge asserting his bad reputation is not a factor in determining his right to recover where the prosecution was instituted maliciously and without probable cause, is improper.

15. *Charge of Court; Ignoring Evidence.*—Charges ignoring the effect of evidence or which pretermit consideration of evidence tending to prove a fact are properly refused.

16. *Same; Argumentative.*—Where the evidence showed that an agent of the defendant who procured the warrant was a deputy sheriff, that in the affidavit for the warrant he described himself as agent of the defendant, but there was no evidence to show that in making the affidavit he acted in his official capacity, a charge asserting that if the agent acted in his official capacity, he was not acting within the scope of his employment, and the verdict must be for the defendant, was misleading and argumentative.

17. *Trial; Evidence; Admissibility.*—On a trial for malicius prosecution for the issuance of a search warrant to seize property alleged to be stolen the court should admit evidence of the plaintiff's bad character in the community, and upon ascertaining that the person making the affidavit for the warrant did not before or at that time know thereof should exclude such evidence.

APPEAL from Monroe Circuit Court.

Heard before Hon. JOHN T. LACKLAND.

Action by J. W. Gulsby against the Louisville & Nashville Railroad Company for maliciously and without probable cause, procuring the issue of a search warrant directed against the premises of plaintiff. From a

[Gulsby v. Louisville & Nashville R. R. Co.]

judgment for defendant, plaintiff appears. Reversed and remanded.

The search warrant was procured upon the affidavit of one Hudson, agent of the Louisville & Nashville at Drewry, Ala., following the commission of the crime of robbery or larceny of goods while in the possession of the defendant railroad company. The facts sufficiently appear from the opinion of the court.

The following charges were refused: (6) "The court charges the jury that if you believe the defendant, through its servant, wrongfully, vexatiously, and purposely made the affidavit complained of, and procured the issuance of the search warrant, and without probable cause for so doing, then you must find the defendant guilty, provided you find that Hudson was acting within the scope of his authority, or was authorized by the railroad to so act, or that the railroad company has since ratified his action." (7) "The court charges the jury that, if you find for the plaintiff in this case, you are authorized to award such damages over and above actual damages as will be a punishment to the defendant and serve as an example to him and others in the future." (9) "The court charges the jury that unless Hudson, the agent of the defendant, was at the time of making the affidavit complained of in possession of sufficient facts to justify a reasonable and cautious man to believe that the plaintiff had broken open a car and taken the goods alleged to have been stolen, then it makes no difference if he did suspect and believe Gulsby was guilty, however honestly and earnestly he may have entertained such suspicion and belief; and you must find the defendant guilty if you find that Hudson was acting within the general scope of his employment in making said affidavit and procuring the issuance of

said warrant, or if you find that the defendant author-ized the act, or has since ratified his said act."

The following charges were given at the request of the defendant: (2) "If the jury believe from the evi-dence that the agent, Hudson, was not acting within the scope of his employment or duties when he made the affidavit before W. C. Neville on November 28, 1908, the defendant cannot be held liable for such act." (10) "The court charges the jury that, if the jury is reason-ably satisfied from the evidence that the agent, Hudson, was not acting within the scope of his employment or duties when he made the affidavit before W. C. Neville, on November 28, 1908, the defendant, the Louisville & Nashville Railroad Company, cannot be held liable un-der count 1 of the complaint." (26) "The court charges the jury that, before you can find for the plaintiff, you must believe that H. E. Hudson, the defendant's agent, is personably liable in damages to plaintiff for the al-leged injury to his character." (29) "The court charges the jury that, if they believe from the evidence that plaintiff's character is bad, they may consider this fact in determining whether or not he was damaged by the issue of a search warrant complained of in this cause." (4) "The court charges the jury that, if the jury is rea-sonably satisfied from the evidence that Henry E. Hud-son was acting as special deputy sheriff when he made said affidavit on November 28, 1908, then he was not acting within the scope of his employment, and you must find for the defendant under counts 1 and 4 of the complaint."

McCorvey & Hare, for appellant. The right of ac-tion here attempted is well established.—12 Enc. P. & P. 444; 10 A. Sh. Rep. 322; 67 Ind. 379; 86 Fed. 406. As to the definition of probable cause see *Lunsford v. Deit-*

*rich,* 93 Ala. 565. There was no evidence showing probable cause, and the mere unproven accusation of another was not admissible.—*O'Neal v. McKenna,* 22 South. 905; 14 A. & E. Ency. of Law, 59; 8 Enc. of Evi. 392-3; 5 Am. St. Rep. 159; 54 Id. 170; *Brown v. Master,* 104 Ala. 541; 148 Mass. 546. Charges 6, 7 and 9 requested by plaintiff should have been given. —93 Ala. 565; *Rutherford v. Dyer,* 40 South. 974; *Mc-Leod v. McLeod,* 75 Ala. 486; *Gamble v. Schmuck,* 31 South. 604. Counsel discuss other charges given and refused, but without other citation of authority.

BARNETT & BUGG, for appellee. It was competent to prove the bad character of the plaintiff.—*Martin v. Hardesty,* 27 Ala. 458; 3 Sutherland on Damages, p. 708; 26 Am. St. Rep. 158. These authorities will apply with equal force to charge 29 given for defendant. As to what is probable cause in its application in this case see.—*Jordan v. A. G. S.,* 81 Ala. 220; *Lunsford v. Deitrich,* 93 Ala. 565; *McLeod v. McLeod,* 75 Ala. 483; *O'Neal v. McKenna,* 116 Ala. 618. Measured by this standard it appears that the agent had probale cause. On these authorities the court properly refused the affirmative charge for the plaintiff. The word, wrongful, is not synonymous with, malicious.—*Spivey v. Mc. Ghee,* 21 Ala. 417; 5 Words & Phrases, p. 4313; 8 Id. 7549. Counsel discuss other assignments of error, not necessary to be here set out.

McCLELLAN, J.—Section 5 of the Constitution of 1901 provides that "the people shall be secure in their persons, houses, papers and possessions from unreasonable seizure or searches," and that "no warrants shall issue to search any place or to seize any person or thing without probable cause, supported by oath or

affirmation." In a leading and well considered case in this country (*Carey v. Sheets,* 67 Ind. 375) it is said that the quoted declaration, in substance, is an affimation of the common-law right of the citizen not to be searched or seized without probable cause. Where a search warrant is regularly issued upon oath or affirmation, but such oath or affirmation is the product of malice, and is not supported by probable cause therefor, and search of the place is made by the officer in accordance with the mandate of the search warrant, the party injured thereby may maintain an action on the case to redress the wrongs so inflicted.—*Carey v. Sheets,* 67 Ind. 375; *Elsee v. Smith,* 16 Eng. Com. Law Rep. 19; *Beaty v. Perkins,* 6 Wend. (N. Y.) 382; *Whitson v. May,* 71 Ind. 269; *Olson v. Tvete,* 46 Minn. 225, 48 N. W. 914; *Harlan v. Jones,* 16 Ind. App. 398, 45 N. E. 481; 25 Am. & Eng. Ency. Law, p. 151. As a matter of pleading, a count omitting the allegations of malice, though carrying the averment of want of probable cause, would be demurrable on account of the omission indicated, since the action on the case, for the violation of the right infracted is, in nature, a malicious prosecution.—*Carey v. Sheets, supra.* But proof of the averment of the malice infecting the oath or averment on which the search warrant issues may be inferred, by the jury, from want of probable cause, or from the facts and circumstances attending the procurement of the writ.—*Lunsford v. Dietrich,* 93 Ala. 565, 9 South. 308, 30 Am. St. Rep. 79.

*Malice* has been thus well defined by this court: "Whatever is done willfully and purposely, whether the motive be to injure the accused, to gain some advantage to the prosecutor, or through mere wantonness or carelessness, if at the same time wrong and unlawful within the knowledge of the actor, is in legal contempla-

tion maliciously done."—*Lunsford v. Dietrich, supra;*
*Jordan v. A. G. S. R. Co.,* 81 Ala. 220, 8 South. 191.
Personal ill will, or desire for revenge, is not essential
to the existence of malice as the law views it.—*Lunds-*
*ford v. Ditreich, supra.*

*Probable cause* was also defined in *Lunsford v, Diet-*
*rich, supra,* as follows: "A reasonable ground for sus-
picion, supported by circumstances sufficiently strong
in themselves to warrant a cautious man in the belief
that the person accused is guity of the offense charged."
Mere suspicion and belief, even though honestly, bona
fide entertained, of the guilt does not, as readily ap-
pears, alone, rise to the dignity of affording a basis for
probable cause. It is essential that, at the time the
oath or affirmation is taken or made, the actor then
knew of facts or circumstances such as would have jus-
tified a reasonable and cautious man in believing that
the accused was guilty.—*Lunsford v. Dietrich, supra.*
Less than that cannot be *probable cause.*

The burden is of course on the plaintiff to show that
the search warrant was maliciously and without prob-
able cause therefor, secured. But if the search warrant
was executed by diligent search within its mandate, and
the officer's return is "no property found," this, if
shown, establishes prima facie that the property was
not in plaintiff's possession, and that he did not steal
or conceal it.—*Olson v. Tvete,* 46 Minn. 225, 48 N. W.
914. If the facts are undisputed, probable cause vel
non is a question of law.—*Ewing v. Sanford,* 19 Ala.
605; *McLeod v. McLeod,* 75 Ala. 483. In this instance
the search warrant appears to have been regularly is-
sued; and the official return was *executed* by search,
but none of the property was found in the plaintiff's
possession or on his premises. There are no errors as-

9—167

signed upon rulings on the pleadings; so no considera-
tion of their sufficiency is invited or undertaken.

Appellant insists that the evidence was not sufficient
to authorize the submission of probable cause vel non
to the jury.  The court below took the opposite view
and so submitted the issue.  Whether the plaintiff was
*in fact* guilty of the offense is not a controlling inquiry
on this issue.—*McLeod v. McLeod, supra.*  The ques-
tion is, Were the known (to the prosecution) facts and
circumstances sufficient, regardless of the unfavorable
(to the state) event of the prosecution, to justify a
reasonable and cautious man in believing the plaintiff
guilty?  The consequence necessarily is that a want of
knowledge of sufficient evidence to convict the accused
of the offense charged is not the test of probable cause
vel non.  And it is necessarily a corollary that the facts
and circumstances known to the prosecution, and on
which, under the doctrine of probable cause, he was
authorized to act, need not be legally admissible evi-
dence on the trial of the accused.

Between the evident policy of the law to bring the
guilty to justice, which is usually begun by steps taken
by the citizen, and, on the other hand, the right of the
other citizen to be free from the accusation of crime
*without probable cause* therefor, the law must hold an
even hand, never so exaggerating the latter protective
right as to render the exercise of the means afforded
for the detection and punishment of crime against the
state an act of peril and penalty to the citizen who, in
good faith and with probable cause therefor, starts the
machinery of the penal law against the accused. Neither
right nor policy, of the two mentioned, is superior in
the eyes of the law.  Ignoring one is as grave in conse-
quence as ignoring the other.  Both must be fairly con-
sidered, when occasion arises, to determine such issues
as are here presented.

[Gulsby v. Louisville & Nashville R. R. Co.]

Our view concludes consistent with appellant's insistence that the facts and circumstances, or either, known to the actor, must have relation, and refer to the accused as the guilty party. Such, we understand to be the doctrine of *Lunsford v. Dietrich*, where it said that the circumstances must be *sufficiently strong in themselves to warrant a cautious man in the honest belief* that the accused is the guilty party. But that accord with appellant's stated insistence does not solve the question to appellant's advantage. The inquiry is: Did the facts and circumstances refer the felonious act, within the requirements of *probable cause* vel non, to the accused as the guilty agent? In this instance it was open to the jury to find that a robbery had been committed; that plaintiff lived in the community; that affiant had been informed of his commission of two other offenses of like character; that affiant knew of his bad repute in the community; and that he had been "loitering around Drewry, Alabama (the scene of the alleged offense), for several months prior to the robbery without any employment." It does not appear in this record that the plaintiff was a man of means. It does appear that he was a man of family, and that the property taken was flour and meat. The property taken from the affiant's master was subsistence. Where such an act is committed, reason, at least, suggests that the culprit took it either for use or for sale. It is not irrational, in such cases, to attribute the motive for the act to those about the scene of the crime, who from the absence of industry were in need. Whether the fact was true or not, from the evidence here the jury would have been reasonably justified in finding that plaintiff was of that class and that affiant knew the fact. Besides this, the evidence warranted the further finding, whether in fact true or not, that plaintiff had a bad reputa-

tion in the community, and that he had taken, on two occasions, the property of others, and that affiant had been so informed. Without further statement, we think, and so hold, the submission to the jury of the issue of probable cause vel non free from error.

There was evidence before the jury from which it was reasonably inferable that the affiant's (Hudson's) act in securing the search warrant was ratified by the defendant (appellee), viz., that it paid the costs of the prosecution, as also that the defendant directed the proceeding.

It follows that charge 2, given at the instance of defendant, was erroneously so treated, since it ignores the effect of the phase of the evidence tending to show ratification of Hudson's action.

Charge 10 was faulty, in that it omitted consideration of the evidence tending to show that Hudson made the affidavit by direction of the defendant.

Charge 6 was free from vice, as applied to this case. The terms *"wrongfully,"* *"vexatiously,"* and *"purposely,"* conjoined in the charge unquestionably describe such concurrence of act and accompanying motive as is the legal equivalent of malice in law, as defined above. See, also, *Spivey v. McGehee,* 21 Ala. 417, 422.

Charge 9 was also without fault, when referred to the evidence in the case. It squared to the definition of *probable cause* as often stated by this court. The refusal of charges 6 and 9 was error.

Charge 7 was not erroneously refused to plaintiff.— *Coleman v. Pepper,* 159 Ala. 310, 49 South. 310; *Cox v. B. R. L. & P. Co.,* 163 Ala. 170, 50 South. 975.

Charge 26, given for defendant, might well have been refused, because argumentative. The giving of such charges does not constitute reversible error.

Charge 29, given for defendant, might have been properly refused. At most, the plaintiff's bad repute in the

community, aside from its legitimate bearing upon the issue of probable cause vel non, was considerable alone as bearing on the quantum of damages to be awarded plaintiff, if he was entitled to recover. This instruction was capable of the interpretation that plaintiff's bad repute was a factor in determining his right to recover at all, even though the prosecution was, maliciously and without probable cause. instituted by direction of defendant to Hudson, or was ratified by defendant.

Charge 4, given for defendant, should have been refused. He might have acted in both capacities. There was evidence that Hudson was a deputy sheriff at the time the affidavit was made. In it he described himself as agent for the defendant. There was no evidence that in making the affidavit he was acting in his official capacity. Besides, the deduction the charge assumed to make from the finding that he acted as an official in the premises, rendered the instruction argumentative.

The rulings on the admission or exclusion of evidence wrought no prejudicial errors. On the trial to be had, if the plaintiff's bad repute at McWilliams, Ala., is offered, it should be admitted, though if it is not followed up by testimony tending to show Hudson's Knowledge thereof before, or at the time, he instituted the prosecution, it should be excluded on proper motion.

There are a number of questions discussed in brief for appellee; but the errors assigned, and with which alone we can now deal, forbid, the consideration of other matters.

For the errors indicated, the judgment is reversed and the cause remanded.

Reversed and Remanded.

DOWDELL, C. J., and SIMPSON and MAYFIELD, JJ., concur.