Per Curiam.

This is undoubtedly an open policy. There is no valuation of the goods insured; the expression “ the .said . goods and merchandises hereby insured are valued at 18 francs, valued at 4 dollars and 44 cents,” amounts only to an agreement of the parties, that what the assured paid 18 francs for in France ghould be estimated at 4 dollars and 44 cents. It was an ascertainment merely of the value of francs according to our standard; and *281 at by no means dispensed with the necessity, of showing the value of the goods on board. It follows, then, that the assured has a right to add the premium of insurance as a part of his insurable interest.*
If the plaintiff is to be understood as claiming any thing in consequence of the sacrifice he made in raising funds by the sale of bills of exchange, that claim is unfounded; the insurers have no concern with the rate of exchange; the prime cost is the criterion, without reference to the manner in which the assured raised money to purchase the goods.†
It is objected that the abandonment has been made too soon, and that by the warranty in the policy, the plaintiffs were restrained from abandoning, until six months after notice, of capture or detention, delivered to the defendants. The evidence in this case shows a capture followed up by a condemnation of the property insured; and it appears to us that the warranty, by fair and reasonable construction, does not extend to the case of condemna* lion; the object of the warranty was to limit the right of the assured to abandon m cases of capture and detention. Either of these, if continued to the period of abandonment, would have been 'a just cause of abandonment; but still, within six months after notice of either, they might have ceased, and the property might be Restored. The parties meant to provide for the cases of capture and detention merely. Condemnation is a higher event, fixing the right of property. The parties have not provided for that event; and it never could have entered into their contemplation; that the assured was not to abandon whenever a condemnation had taken place. There can be no motive assigned for a stipulation not to itbandon, until six months after notice of a condemnation, though there are very sufficient reasons for not abandoning until six months after notice of a capture or detention. In our opinion, this abandonment was well made on the 13th of March, 1812, and the plaintifTis entitled to judgment on the verdict.
Judgment for the plaintiff.

 10 Johns; Rep. Marsh. 622.

 1 Esp. Rep. 77.