Wash, J.,
delivered the opinion of the Court.
This was. an action commenced by Brown against Miller, in the Cooper Circuit Court, for a malicious prosecution, in which Brown had judgment, from which Miller has appealed to this Court. The declaration charges in substance, that the defendant falsely and maliciously, and' without any reasonable or probable cause whatever, made a complaint on oath before a Justice of the Peace of Cooper county, that two guns had been feloniously taken, stolen and carried away from his said Miller’s premises in said county, and that he had probable cause to suspect, and did suspect, that they were concealed in the enclosure of said Brown in said county, &c., and that upon such complaint the said Miller maliciously, and without any reasonable or probable cause, procured the Justice of the Peace to issue his warrant, directed to any Constable of Cooper county, whereby, after reciting the complaint. *95 the Justice commanded the Constable to enter in the day time into the enclosure of said Brown, and search for said property, and if upon such search he found the property, to bring it and the body of the plaintiff before him or some other Justice of the Peace of the county, to be dealt with according to law, &c., and that the defendant, under color and pretence of the execution of said warrant, went with the Constable to a certain place within the enclosure of the-plaintiff, and falsely and maliciously, and without any probable cause, pointed out to the Constable certain goods, to wit: one gun then and there being, to he the goods charged to have been stolen, &c., and caused and procured the goods to be seized and taken and kept for a long space of time, and the plaintiff to be taken and imprisoned, &c., and to be carried in custody before the Justice of the peace who issued the warrant, by whom, after examination into the supposed crime, and after hearing what could be alledged, &c., ?aid plaintiff was acquitted by said Justice, and discharged out of custody, &c., and that the defendant had not further prosecuted his said complaint, &e. The defendant plead not guilty, and on trial .the plaintiff had verdict and judgment for two hundred dollars.
The facts as preserved by bills of exception, are in substance, “that the plaintiff produced and read in evidence the original warrant charged in the declaration, to the reading of which the defendant objected. The warrant had the words “ State of Missouri, county of Cooper, Cole Neck township,” in the margin on the left of the paper, and on the right hand side of the paper the words “ to any Constable oi said county greeting,” with a line or mark separating the words “State of Missouri,” from the words “to any Constable of said county,” and charged that said Miller had made oath, &c., that the guns had been stolen, taken and carried away from his “possession,” instead of “ premises.” The affidavit of the defendant, the issuing of the warrant and the arresting, examining and discharging of the plaintiff, as charged in the declaration, were proven by the Justice, who stated that the defendant had applied to him for a warrant to search for his property, and not for the purpose of having the plaintiff arrested for larceny, &c. The defendant then proved that two guns had been stolen from him a few months before he applied for the warrant, and that before he applied for the warrant, the guns were found within the enclosures of the plaintiff, and that at the time the guns were taken from the defendant, and “ at the time of his application for the warrant, the plaintiff was a man of notorious bad character for honesty, and suspected of stealing.” Upon this state of facts, the defendant then moved the Court to instruct the jury,
Eirst. That the jury must find, before they can find for the plaintiff, that the defendant instituted or carried on a prosecution against the plaintiff’s person.
Second. That if they find that the defendant only applied for a warrant to search the enclosures of the plaintiff, and that the Justice issued a warrant to take the body of the plaintiffj that does not constitute the defendant a prosecutor as set forth in the declaration.
Third. If they believe from the evidence that the plaintiff was, at the time of the guns being taken, a man of notorious bad character for honesty, it is a circumstance which -goes to show there was probable cause for the prosecution; which several instructions the Court refused to give. The defendant excepted and now assigns for error the refusal of the Court to give the instructions prayed for.
In the progress of the cause, a witness was asked “what was the common talk of the neighborhood where the plaintiff lived, as to his honesty or dishonesty?” To *96 which the counsel for the plaintiff objected, and the Court sustained the objection. The defendant excepted, &c. The defendant was permitted, however, to ask the witness what was the plaintiff’s general character for honesty or dishonesty?
It is insisted by the counsel for the plaintiff in error, that the Court ought not to have admitted in evidence the warrant set forth in the bill of exceptions:
First. Because it does not run in the name of the State; and,
Second. Becáuse it varies from that described in the declaration.
Whether the warrant runs in the name of the Slate or not, is a fact to be ascertained by inspection of the paper itself. There should be sufficient words properly arranged. In the case under consideration, there were apt and sufficient words; but the arrangement of them, as described in the bill of exceptions, would seem to be erroneous and improper. The cases of Warner v. Shed, 10 John. 146; Parson v. Loyd, 3 Wils. 341; and Shirly v. Wright, 2 Salk. 700, answer the objection fully, and establish the doctrine that where the Court or Justice of the Peace have jurisdiction of the subject matter, the Sheriff Constable or other officer is not bound to examine into the validity of the judgment, proceedings or process, it being sufficient for him that they have jurisdiction. In this case the Justice had jurisdiction of the place, the person and the offence; and the process, though erroneous or defective, was valid as to the Constable. The objection to the admissibility of the warrant, on account of the variance, has no force.
The first and second instructions asked and refused, will be considered together. Upon the complaint made before the Justice, it was his duty to issue his search warrant, with the clause directing the officer to arrest the person in whose possession, the goods should be found, &c. It is the form prescribed and attached to our statutes and the one used at common law. The plaintiff might have had his action, if after the complaint made by the defendant before the-Justice, the Justice had refused to grant him a search warrant. This action is to redress any damages the plaintiff may have sustained, either in his reputation by the scandal, in his person by imprisonment, or in his property by expense incurred; and it would have well lain upon the mere affidavit of the defendant, if made with malice and without probable cause; for assuredly an application for a search warrant, upon the ground that goods have been stolen and are concealed within a person’s enclosure, is a sufficient scandal to the reputation to sustain an action as to this ground. The cases of Elsee and Smith, 16 Eng. Com. Law, Rep. Cond. p. 21; and Boot v. Cooper, 3 Esp. Reps. 144; T. Rep. 535, and 10 John. 273, sustain fully this position.
As to the third instruction prayed for, we think the Circuit Court ought to have given it to the jury. Probable cause is a mixed question of law and fact. Whether the circumstances alledged to show it probable or not probable, existed, is a matter of fact; but whether supposing them true, they amount to a probable cause, is a question of law: 1 T. R. 520 and 543, 2 Taylor, 123; 1 Greenleaf, 134. In Crabtree v. Horton, 4 Munf. 59, it was held that the Court ought not to instruct the jury that probable cause is proved; but should leave the weight of the testimony to the jury, unless the facts are agreed by the pleadings or submitted to the Court by the parties. The same doctrine is held in Maddox v. Jackson, 4 Munf. 462. In Kelton n. Bevins, Cooke’s Rep. 90, the Court were divided in opinion on the question, whether probable cause would be a point for the decision of the jury or the Court. In Newsam v. Carr, 2 Starkie’s Cases, 69, Baron Wood would not permit a witness to be asked whether the plaintiff’s house had not been searched on former occasions, *97 and whether he was not a man of suspicious- character.. In 2 Stark. Ev. 917, it is doubted whether the defendant, after having given, some evidence of probable cause, can give evidence to prove that the plaintiff was a man of bad character. In the case of Rodriges v. Todmire, 2 Esp. Cases, 721, Lord Kenyon admitted general evidence to that effect, (as cited in 2 Stark. Ev. 917, note X). Mr. Starkie, in his text, adopts the law as laid down by Baron Wood in Newsam and Carr; and Mr. Phillips, in his treatise on. Evidence, vol. 1, p. 147, maintains the authority of Lord Kenyon in Rodriges v. Todmire. We have not had access to either of the cases as reported at length, and shall not attempt to reconcile them. In Gregory v. Thomas, 2 Bibb, 286, the Court lay down the-law as settled, in the-case of Rodriges v. Todmire, and a majority of the Court are inclined to recognize the law as laid down by Lord Kenyon, and think that the Circuit C’ourt in this case ought to have suffered the notorious bad character of the plaintiff to hayo- gone (in connection with, the other evidence) to the jury, as helping to make out the defence of probable cause.
As to the last point raised, the defendant was permitted to examine as to the general character of the plaintiff, which was all he had a right to do; and if the object of the uestion was to go beyond that, it was properly rejected by the Court. There was therefore no error in that. For refusing to give the second instruction prayed for, the judgment of the Circuit Court is reversed with costs, and the cause remanded for further proceedings in conformity with this opinion.