# Richmond.

## SPANGLER v. BOOZE.

### December 1, 1904.

1. MALICIOUS PROSECUTION—*Search Warrant—Termination of Prosecution.*—An action for damages lies for maliciously, and without probable cause, procuring the issuance and execution of a search warrant for goods alleged to have been stolen; and the failure to find the goods, upon the execution of the warrant, is a termination of that proceeding. No other trial or acquittal is necessary to support the action for damages.

Error to a judgment rendered by the Circuit Court of Botetourt county, in an action of trespass on the case for a malicious prosecution, wherein the plaintiff in error was the plaintiff, and the defendant in error was the defendant.

*Reversed.*

The opinion states the case.

*Benjamin Haden,* for the plaintiff in error.

*Glasgow & Woodson,* for the defendant in error.

HARRISON, J., delivered the opinion of the court.

This action of trespass on the case was brought by the plaintiff in error to recover of the defendant in error damages for having maliciously and without probable cause procured the issuance and execution of a search warrant, charging the plaintiff in error with the theft of certain apples.

A demurrer to the declaration was sustained by the Circuit Court, and from that judgment a writ of error was awarded, bringing the case here for review.

The declaration is in the usual form, its salient averments being that the defendant, A. T. Booze, contriving and maliciously intending to injure the plaintiff, Uriah Spangler, in his good name, fame and credit, and to bring him into public scandal, infamy and disgrace, had appeared before a justice of the peace, and without any reasonable or probable cause made complaint that the plaintiff did unlawfully steal, take, and carry away one lot of apples of the value of $20.00, the property of the defendant, and that he had probable cause to believe, and did verily believe, that the property so carried away was concealed in the dwelling-house of the plaintiff; that upon such complaint the defendant had, without any reasonable or probable cause whatever, procured the justice to make and grant his certain warrant, under his hand and seal, authorizing and empowering a constable forthwith, in day or night time, to enter the dwelling-house of plaintiff, and there diligently search for the property alleged to have been stolen, and that if the same or any part thereof should be found, upon such search, that the constable should bring such property and also the body of the plaintiff before some justice of the county, to be disposed of and dealt with according to law; that by virtue and under color of this warrant the constable to whom it was directed, and who was thereby charged with its execution, had, without any reasonable or probable cause whatsoever, and without the leave or license, and against the will of the plaintiff, entered his dwelling-house, and searched and ransacked the same, and the rooms and apartments thereof, and had flung, tossed and tumbled the furniture, wearing apparel, and other contents thereof, and had thereby greatly disturbed and disquieted the plaintiff and his family in the possession of said house. It is further averred

that neither the apples of the defendant, alleged to have been stolen, nor any other goods or chattels of the defendant, feloniously stolen, were found in the plaintiff's house, nor were there any such goods and chattels therein before, at the time of the complaint, or at any other time whatever, and that the defendant had no reasonable or probable cause for making the complaint or causing the warrant to be issued or executed; and that the defendant did not further prosecute his charge, but deserted and abandoned the same, and the complaint was wholly ended and determined.

The ground of demurrer to this declaration is that it fails to allege that the charges contained in the warrant, therein referred to, were, or any of them ever was, tried on their merits by a court having jurisdiction thereof, and that the plaintiff was adjudged innocent thereof, and that the same terminated favorably to him. The averments of the declaration show that these allegations were not in accordance with the facts, and therefore could not be made. This brings us to a consideration of the question, whether it was necessary for the plaintiff to make the averments suggested by the demurrer in order to maintain his action.

It is well settled by authority, both in this country and in England, that an action for damages will lie for maliciously and without probable cause procuring the issuance and execution of a search warrant for goods alleged to have been stolen. Wharton on Crim. Law (7 Ed.), Vol. 3, sec. 2942; *Elsee* v. *Smith*, 16 Eng. Com. L. Rep. 19; *Cooper* v. *Booth*, 3 Esp. Rep. 135—E. C. L. Vol. 18·; 2 Chitty, 304; *Miller* v. *Brown*, 3 Mo. 127, 23 Am. Decs. 693; *Carey* v. *Sheets*, 67 Ind. 375; 4 Minor, Part 1, p. 393.

Mr. Minor says that "maliciously obtaining a search warrant to search one's house for goods alleged to be stolen, smuggled, &c., is such a prosecution that an action lies for it."

· The contention of defendant in error that *in a case like this* the plaintiff must aver that he has been tried before a court of competent jurisdiction, and been fully acquitted on the merits of the crime with which he is charged, is not tenable. When the stolen goods are not found, upon the execution of a search warrant, that prosecution is ended. The warrant has served its purpose and falls to the ground. It is, upon its face, conditioned upon the goods alleged to have been stolen being found. Not being found, as in the case at bar, the prosecution inaugurated by the defendant ended, and no further proceedings could be had thereunder.

Judge Cooley, upon this subject, says: "The reasonable rule seems to be that the technical prerequisite is only that the particular prosecution be disposed of in such manner that this cannot be revived, and the prosecutor, if he proceeds further, will be put to a new one." Cooley on Torts, p. 216.

In the leading case of *Miller* v. *Brown, supra,* a very similar case to that at bar, it is said: "This action is to redress any damages the plaintiff may have sustained, either in his reputation by the scandal, in his person by imprisonment, or in his property by expense incurred; and it would have well lain upon the mere affidavit of the defendant, if made with malice and without probable cause; for assuredly an application for a search warrant, upon the ground that goods have been stolen and are concealed within a person's inclosure, is a sufficient scandal to the reputation to sustain an action as to this ground. The cases of *Elsee* v. *Smith,* 16 Eng. Com. Law Rep. Cond. 212, and *Boot* v. *Cooper,* 3 Esp. 144, T. R. 535 ; and *Bell* v. *Clapp,* 10 Johns. 273, 6 Am. Dec. 339, sustain fully this position."

In the case of *Olson* v. *Trite,* 46 Minn. 225, 48 N. W. 914, where the goods were not found, the court held an action for damages would lie for maliciously and without probable cause procuring the issuance and execution of a search warrant for

goods alleged to have been stolen. The court saying "that such a proceeding not only involves an imputation of criminal conduct on the part of the person whose premises are thus subjected to search, but it contemplates the arrest of the person if, upon search, the property is found in his possession. Such is the direction in the search warrant."

In the case of *Whitson* v. *May,* 71 Ind. 269, where no goods were found, it was contended that the issuance and service of a search warrant was not a "prosecution," in the sense in which that word was used by the text-writers and the authorities in treating upon actions for malicious prosecutions, and that consequently an action would not lie for causing a search warrant to be issued, conceding that the motive may have been malicious, and that no probable cause existed. But the court disregarded this contention and overruled the demurrer to the complaint, holding that an action for malicious prosecution did lie against one who maliciously, and without probable cause, institutes and carries forward proceedings under a search warrant.

A learned author, speaking of search warrants, has remarked that "there is not a description of process known to the law, the execution of which is more distressing to the citizen. Perhaps there is none which exerts such intense feeling in consequence of its humiliating and degrading effects." Archbold's Cr. Pr. & Pl., Vol. 1, p. 131.

It would be a reproach to our jurisprudence if such a prosecution could be inaugurated and carried forward maliciously and without probable cause, and the innocent victim have no remedy. We are of opinion that the declaration in judgment states a good cause of action, and that the plaintiff was entitled to a trial on the merits of his cause.

For these reasons the judgment complained of must be reversed, and the case remanded for further proceedings.

*Reversed.*