BOLIN, Judge.
This case involves the correctness of a judgment, based on an open account, in favor of plaintiff and against Thomas R. Koonce, and an award under a reconven-tional demand in favor of H. R. Koonce against plaintiff as damages for malicious prosecution.
Plaintiff filed suit against H. R. Koonce on December 31, 1969, for a debt allegedly owed for the purpose of certain building and plumbing supplies. On January 29, 1970, before. any other pleadings were filed, plaintiff amended its petition by stating it had come to its attention that “the defendant is not H. R. Koonce, but is Thomas R. Koonce, an individual proprietorship d/b/a H. R. Koonce & Son”. In this amended petition plaintiff asked for judgment only against Thomas R. Koonce d/b/a H. R. Koonce & Son.
On February 19, 1970, Thomas R. Koonce filed an answer to the original and amended petitions and a reconventional demand seeking offsets and credits for merchandise allegedly returned to plaintiff. On October 9, 1970, H. R. Koonce filed an answer, denying any indebtedness to plaintiff, and reconvened demanding damages for malicious prosecution. The reconven-tional demand of H. R. Koonce was based on the alleged injury to his credit, embarrassment, humiliation, mental suffering and anguish which plaintiff had unjustifiably caused him by making him defendant in the original petition. Plaintiff filed exceptions of no cause and of no right of action as to the reconventional demand. The exceptions were referred to the merits on the date of the trial and, although no answer was filed to the reconventional demand, the case was tried on the merits as to all issues.
Following trial the district judge, for written reasons, decided in favor of plaintiff on the main demand and against defendant Thomas R. Koonce d/b/a H. R. Koonce & Son for $502.30. There was further judgment in favor of plaintiff in reconvention, Thomas R. Koonce, against Southern Pipe & Supply Company of Mississippi, Inc., for $285.75 representing the value of the items of merchandise returned by Thomas Koonce to Southern Pipe & Supply.
There was further judgment in favor of H. R. Koonce, plaintiff in reconvention, against Southern Pipe & Supply Company *254 of Mississippi, Inc., for $500 as damages for malicious prosecution. Plaintiff appeals but defendants neither appeal nor answer the appeal.
For reasons hereinafter expressed, we conclude the judgment, as it relates to Southern Pipe & Supply and Thomas R. Koonce, is correct, but the award in favor of H. R. Koonce against Southern Pipe & Supply is erroneous.
The issues are:
(1) Has Thomas R. Koonce d/b/a H. R. Koonce & Son, as plaintiff in recon-vention, proved he returned the items of merchandise for which the trial judge gave him credit against the total bill admittedly owed by him to plaintiff?
(2) Does the record justify an award to H. R. Koonce as damages for malicious prosecution?
ISSUE NO. 1
It is not disputed that at the time suit was filed Thomas R. Koonce d/b/a H. R. Koonce & Son was indebted to plaintiff in the sum of $502.30, representing the balance due on items purchased by Koonce from plaintiff. The testimony reflects a serious dispute between the parties as to which items, if any, were returned by Koonce and how much credit was to be allowed for each.
In his reasons for judgment the trial judge found plaintiff and the purchaser had agreed supplies would be furnished by plaintiff to Thomas R. Koonce for his use in the construction of a building for the Natchitoches Parish School Board, under which agreement the purchaser was entitled to return and receive credit for all items unused by him in this project. The trial judge reviewed in detail all of the evidence relative to the return of the items and concluded Thomas Koonce had borne the burden of proving, under his reconven-tional demand, that he had returned certain items to plaintiff for which he had received either insufficient credit or no credit. We see no necessity of outlining in detail the evidence relied on by the trial judge since we are in full accord with his conclusion that these credits reduced to $216.55 the amount owed by Thomas Koonce to plaintiff.
ISSUE NO. 2
The trial judge was of the opinion plaintiff’s original suit against H. R. Koonce was unjustified and unwarranted, causing damage entitling Koonce to be recompensed for malicious prosecution. With this conclusion we cannot agree.
Thomas Koonce testified H. R. Koonce was his father and that his father operated the business of H. R. Koonce & Son until about 1963, when he retired and Thomas Koonce became the sole owner. All of the invoices filed in evidence, made the basis of the original claim, were addressed to “H. R. Koonce”. As previously stated, the original suit was filed on December 31, 1969, and on January 29, 1970, plaintiff filed its amended petition which had the effect of removing H. R. Koonce as the defendant. There being no pleadings filed in the period between the original and amended petitions, we conclude it was legally unnecessary for H. R. Koonce to file an answer. Since there was actually no action pending against H. R. Koonce, the exception directed at his right to bring his suit for malicious prosecution by way of reconventional demand in the suit pending against Thomas R. Koonce probably should have been sustained. However, since exceptions of no cause and of no right of action filed by plaintiff [defendant in recon-vention] were referred to the merits and the case was tried and judgment rendered on all issues, even though no answer to the reconventional demand was ever filed, we will dispose of the issues on the basis of our appreciation of the evidence adduced during the trial of the case.
In an action to recover damages for malicious prosecution of a criminal or civil proceeding the plaintiff must prove: (1) *255 termination of the proceeding in favor of plaintiff; (2) lack of probable cause; and (3) malice on the part of the defendant. Cormier v. Blake, 198 So.2d 139 (La.App. 3rd Cir. 1967), and cases cited therein.
In applying the rule of law enunciated above to the facts of this case, we may assume the first requisite was satisfied by the filing of the amended petition making Thomas R. Koonce the sole defendant.
The question of whether plaintiff had probable cause for making H. R. Koonce defendant in the original petition deserves serious attention. Two factors are, we believe, determinative of this issue. First, the proprietorship had, for a number of years preceding the suit, been operated under the name of H. R. Koonce & Son. Second, all of the invoices on this particular construction job, both prior to and after suit was filed, were mailed to H. R. Koonce and the only objection was registered in the last paragraph of a letter, dated January 10, 1970, from Thomas Koonce to plaintiff’s attorney advising him that H. R. Koonce was in no way connected with or responsible for the debts of the proprietorship. Nineteen days later plaintiff amended its petition dismissing its claim against H. R. Koonce. We find H. R. Koonce has failed to prove plaintiff sued him without probable cause.
The third requisite for recovery of damages for malicious prosecution is proof of malice on the part of the alleged offender. This record is void of any evidence of malice on the part of plaintiff in suing H. R. Koonce.
In awarding damages to H. R. Koonce the district judge stated he was unable to find a case exactly in point but considered the action justified under Louisiana Civil Code Article 2315. We agree the basis for the action is C.C. Art. 2315, but in order to show what “causes damage” different rules apply to different types of cases. For example, in a civil suit for damages allegedly resulting from malicious prosecution the plaintiff must prove not only his special damages but that the three elements set forth in Cormier have concurred to cause this damage. The only case relied on in the trial judge’s opinion was Tuyes v. Chambers, 144 La. 723, 81 So. 265 (1919). This case is distinguishable from the case before us in that the cited case involved facts substantially dissimilar to those involved in the instant case and, further, it did not involve alleged defamatory statements contained in a judicial proceeding.
For the reasons assigned, the judgment of the lower court is affirmed as it relates to Southern Pipe & Supply Company of Mississippi, Inc., and Thomas R. Koonce d/b/a H. R. Koonce & Son; but as it relates to the reconventional demand of H. R. Koonce it is reversed and his demand for damages against Southern Pipe & Supply Company of Mississippi, Inc., is hereby rejected.
All costs, including the cost of this appeal, are assessed equally against Southern Pipe & Supply Company of Mississippi, Inc., Thomas R. Koonce d/b/a H. R. Koonce & Son, and H. R. Koonce.