BAILES, Judge Pro Tem.
This is an action to recover damages allegedly sustained by plaintiff as a result of the defendant filing a suit on an account previously paid. The trial court rejected his demands and he appeals this adverse judgment. On our finding that the judgment appealed is correct, we affirm.
The plaintiff had a charge account at Goudchaux’s where he made credit purchases from May, 1968, through August of the same year totalling $469.72. There was no activity in this account either by purchases or payments until April 29, 1969, when plaintiff paid $100 thereon. It appears that two demand letters were written to plaintiff by defendant’s attorney, one in April, 1969, and the other in November, 1969. During June, 1970, defendant referred the account to its attorney for collection. On June 6, 1970, plaintiff paid the account in full. For some reason not explained in the record, when payment was received by the defendant in July, 1970, its attorney was not notified. Suit was filed against the plaintiff in the City Court of Baton Rouge on or about March 15, 1971. Upon service of the citation of the city court suit on the plaintiff, he advised de *557 fendant’s attorney that the account had been paid. Upon verification of this payment, the attorney attempted to dismiss the suit, however, the city judge refused to dismiss the suit because the plaintiff (defendant therein) had filed an answer and reconventional demand. Ultimately, the suit was dismissed as soon as permitted by the city court.
For the plaintiff to succeed in recovering damages for false prosecution of the suit on an account that previously had been paid, he must prove: (1) termination of the proceeding in his favor; (2) lack of probable cause; and (3) malice on the part of the defendant. All three of these requirements must be present, and the absence of either one or more is fatal to recovery. See: Sandoz v. Veazie, 106 La. 202, 30 So. 767; Graham v. Interstate Electric Co., 170 La. 392, 127 So. 879; Scott v. Citizens Hardware & Furniture Co., 180 La. 473, 156 So. 469; Eusant v. Unity Industrial Life Ins. and S. Benefit Assn., 195 La. 347, 196 So. 554; Cox v. Cashio, La.App., 96 So.2d 872; Cormier v. Blake, La.App., 198 So.2d 139; and Southern Pipe & Supply Co. of Mississippi, Inc. v. Koonce et al., La.App., 255 So.2d 252.
Only the first requirement is found present in the instant case, i. e., the suit in the city court was favorably terminated by a judgment of dismissal with prejudice.
There is a total lack of showing of malice. As soon as the attorney for the plaintiff in the city court action was notified by the defendant therein that the account previously had been paid he sought to have the suit dismissed. The delay in accomplishing the dismissal cannot be attributed to the defendant herein.
As the court stated in Sandoz v. Veazie, supra, “probable cause does not depend upon the actual state of the case in point of fact, but upon the honest and reasonable belief of the party prosecuting.” Even though the actual state of the case in point of fact was that the account had been paid, there was a reasonable belief on the part of the attorney who filed the suit for the defendant that the account was owing.
The burden is on the plaintiff herein to prove these three fact requirements set forth above. This burden has not been sustained.
From our perusal of the record, our appreciation of the jurisprudence, the findings of fact of the trial court, and for the foregoing reasons, we find the judgment appealed is correct, and accordingly, we affirm, at appellant’s cost.
Affirmed.